**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>KENDELL LANG; PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL LANG, TRUSTEE; WASHINGTON MUTUAL BANK; NATIONAL PROPERTY TRUST; TAYLOR & ASSOCIATES; WHITE MEMORIAL MEDICAL CENTER; STATE OF CALIFORNIA, FRANCHISE TAX BOARD,<br><br>    Defendants. | CASE NO. 06cv2648 JM(LSP)<br><br>ORDER DENYING MOTION TO DISMISS COMPLAINT |

Defendants Kendell Lang, individually and as trustee for Cascade Professional Trust, and Patricia Lang, (collectively "Moving Defendants") move to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Plaintiff opposes the motion. Defendants Washington Mutual Bank, National Property Trust, Taylor & Associates, White Memorial Medical Center, and State of California, Franchise Tax Board have not responded to the motion. Pursuant to Local rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion is denied.

**BACKGROUND**

On December 4, 2006 Plaintiff filed a Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens. Among other things, the Government seeks to

foreclose on real property located at 2605 Long Jack Road, Encinitas, California. (Compl. ¶4). Defendants Kendell and Patricia Lang reside at the property. (Compl. ¶¶5, 6). Kendall Lang is also named in his capacity as trustee of Cascade Professional Trust ("Trust") as Trust may have an interest in the real property. (Compl. ¶7). Defendants Washington Mutual Bank, National Property Trust, Taylor & Associates, While Memorial Medical Center, and State of California, Franchise Tax Board are named as defendants because they "may claim an interest in the real property that is the subject of this action." (Compl. ¶¶ 8-12).

The first two claims for relief seek to reduce the tax assessments to judgment against that Kendell and Patricia Lang in the amount of $305,388.56 for tax years 1993-1994 and 1999-2002. (Compl. ¶¶16-20). The third claim seeks to foreclose the federal tax liens against the property held by Cascade Professional Trust/National Property Trust as nominee of Kendell and Patricia Lang. (Compl. ¶¶222-28).

Moving Defendants, acting <u>in propria persona</u>, answered the complaint on January 4, 2007. On February 12, 2007 Washington Mutual answered the Complaint by filing a Notice of Disclaimer of Interest.

**DISCUSSION**

**Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. On such a motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 373, 377 (1994).

The Complaint alleges that the court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345 and 26 U.S.C. §7402. The court concludes that the court has subject matter jurisdiction over this action because the action arises under the internal revenue laws, 28 U.S.C. §1340; the United States commenced this action, 28 U.S.C. §1345; and the United States is seeking to enforce internal revenue laws. 26 U.S.C. §7402(a).

The court notes that the thrust of Moving Defendants' motion is to bring evidentiary challenges to the claims alleged in the Complaint. In short, Moving Defendants argue that they owe no tax

liability and therefore the court lacks subject matter jurisdiction. The court notes that the Federal Rules provide for "notice pleading." That is, the pleadings need only give fair notice of the pleader's claim or defense so that opposing parties can respond, undertake discovery and prepare for trial. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957). To the extent Moving Defendants seek to raise evidentiary matters, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims." Letherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993). Accordingly, Moving Defendants' merits-based arguments are better left to another day.

In sum, the motion to dismiss for lack of subject matter jurisdiction is denied.

**Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides that an action may be dismissed for lack of personal jurisdiction. Personal Jurisdiction refers to the court's power to render an enforceable judgment against the defendant. See Pennoyer v. Neff, 95 U.S. 714, 720-22 (1877). The burden is on plaintiff to show that personal jurisdiction is appropriate. See Dole Food v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

Here, Plaintiff meets its burden as the Court Docket reflects an affidavit of service of the complaint and summons on Moving Defendants at their home on Long Jack Road, Encinitas, California. (Court Docket No. 3). Moreover, the defense of lack of personal jurisdiction is waived if not raised in the responsive pleading. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). As Moving Defendants' answer, filed on January 4, 2007, did not raise the defense of lack of personal jurisdiction, that defense is waived.

In sum, the motion to dismiss for lack of personal jurisdiction is denied.

**Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion for dismissal may be brought for failure to state a claim. All material allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party. See Big Bear Lodging Ass'n v. Snow Summit Inc., 182 F.3d 1096, 1101 (9th Cir. 1999).

/ / /

1      In broad brush, Moving Defendants claim that there is no evidence to support Plaintiff's claim
2 for tax liability. Moving Defendants misconstrue the purpose of a Rule 12(b)(6). At the pleading
3 stage Plaintiff need not support its claims with any evidence. As set forth above, the purpose of
4 pleadings is to give fair notice of the pleader's claim or defense so that opposing parties can respond,
5 undertake discovery and prepare for trial. See Conley, 355 U.S. at 47-48. Moving Defendants'
6 arguments are better left to a Rule 56 motion or for the time of trial.

7      In sum, the court denies the Rule 12(b)(6) motion.

**Other Claims**

9      Among other things, Moving Defendants argue that their evidence has not been rebutted, there
10 is no valid tax lien on the property, the alter-ego allegations are insufficient with respect to Cascade
11 Professional Trust or National Property Trust. The court denies these motions as a basis for Rule
12 12(b) relief. To the extent Moving Defendants raise evidentiary issues going to he merits of Plaintiff's
13 claims, such claims must be raised on a motion for summary judgment or await the time of trial.

14      In sum, the motion to dismiss is denied.

     **IT IS SO ORDERED.**

DATED: February 23, 2007

                                                        Hon. Jeffrey T. Miller
                                                        United States District Judge

cc: All Parties