1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | UNITED STATES OF AMERICA, | CASE NO. 06cv2648 JM(LSP) |
|---|---|---|
| 12 | Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING |
| 13 | vs. | MOTION TO DISMISS; GRANTING MOTION TO STRIKE CROSS- |
| 14 | KENDELL LANG; KENDELL LANG, as Personal Representative of the ESTATE OF | COMPLAINT |
| 15 | PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL | |
| 16 | LANG, Trustee; WHITE MEMORIAL MEDICAL CENTER; STATE OF | |
| 17 | CALIFORNIA, FRANCHISE TAX BOARD, | |
| 18 | Defendants. | |

19          Plaintiff, the United States of America ("IRS"), moves for summary judgment on all claims

20   alleged in its First Amended Complaint ("FAC"). The IRS also moves to strike the cross-complaint

21   contained within Defendant Kendell Lang's amended answer. Defendant Kendall Lang, in his

22   individual capacity, as Personal Representative of Patricia Lang, and as trustee of the Cascade

23   Professional Trust, opposes the motion and separately moves to dismiss the FAC. Pursuant to Local

24   Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth

25   below, the court grants the motion for summary judgment in its entirety, denies the motion to dismiss,

26   and grants the motion to strike the cross-complaint. The Clerk of Court is instructed to enter judgment

27   in favor of Plaintiff and against Defendant on all claims.

28   ///

1

**BACKGROUND**

2          On December 4, 2006, the IRS commenced this action by filing a "Complaint to Reduce

3   Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens."  The FAC, filed on

4   August 15, 2007, names as Defendants: Kendell Lang; the Estate of Patricia Lang, Kendell Lang, as

5   personal representative of the estate; and Cascade Professional Trust, Kendell Lang as trustee of the

6   Trust.  (FAC ¶¶5-7).  Named in the FAC are three other parties who have yet to appear in this action.[1]

7

8          The first three claims for relief seek to reduce certain tax assessments to judgment against

9   Kendell Lang, in his personal capacity and as personal representative of the estate of Patricia Lang,

10  for tax years 1993 and 1995, the first cause of action, in the total amount of $270,789.69, (FAC ¶15);

11  for tax years 1999, 2000, 2001, 2002 and 2004, the second cause of action, in the total amount of

12  $93,714.80,  (FAC ¶18); and for tax year 2002, the third cause of action, in the total amount of

13  $35,872.87.  (FAC ¶21).  The fourth cause of action seeks an order (1) finding that the Cascade

14  Professional Trust holds title to the real property at issue, located at 2605 Lone Jack Road, Encinitas,

15  California (the Subject Property"), as the nominee of Kendell Lang; (2) foreclosing the federal tax

16  liens encumbering the Subject Property held by the Cascade Professional Trust; and (3) allowing for

17  a sale of the Subject Property to satisfy the federal tax liens and other creditors' liens.  The Subject

18  Property is alleged to be the principal residence of Kendell Lang.  (FAC ¶26).

19         On February 23, 2007 the court denied Defendants' motion to dismiss.  Following the death

20  of Kendell Lang's spouse, on April 26, 2007 the court granted the parties' joint motion to substitute

21  Kendell Lang as the Personal Representative of Patricia Lang.  Following discovery, IRS now moves

22  for summary judgment on all claims alleged in the FAC.

23                                           **DISCUSSION**

24  **Legal Standards**

25         A motion for summary judgment shall be granted where "there is no genuine issue as to any

26  material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.

27

28         [1] The other three defendants are National Property Trust, White Memorial Medical Center, and
    the State of California, Franchise Tax Board.

1   56(c); <u>Prison Legal News v. Lehman</u>, 397 F.3d 692, 698 (9th Cir. 2005).  The moving party bears the

2   initial burden of informing the court of the basis for its motion and identifying those portions of the

3   file which it believes demonstrates the absence of a genuine issue of material fact.  <u>Celotex Corp. v.</u>

4   <u>Catrett</u>, 477 U.S. 317, 323 (1986).  There is "no express or implied requirement in Rule 56 that the

5   moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's

6   claim."  <u>Id.</u> (emphasis in original).  The opposing party cannot rest on the mere allegations or denials

7   of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the

8   'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that

9   there is a genuine issue for trial.'"  <u>Id.</u> at 324 (citation omitted).  The opposing party also may not rely

10   solely on conclusory allegations unsupported by factual data.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th

11   Cir. 1989).

12          The court must examine the evidence in the light most favorable to the non-moving party.

13   <u>United States  v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).  Any doubt as to the existence of any issue

14   of material fact requires denial of the motion.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255

15   (1986).  On a motion for summary judgment, when "'the <u>moving party</u> bears the burden of proof at

16   trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence

17   were uncontroverted at trial.'"  <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis

18   in original) (quoting   <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th Cir.

19   1991), <u>cert. denied</u>, 502 U.S. 1059 (1992)).

20

21   **The Tax Assessment Counts**

22          "In an action to collect tax, the government bears the initial burden of proof.  The government,

23   however, may satisfy this initial burden by introducing into evidence its assessment of taxes due.

24   Normally, introduction of the assessment establishes a <u>prima facie</u> case."  <u>Oliver v. United States</u>, 921

25   F.2d 916, 919 (9th Cir. 1990) (citations omitted).  The Certificates of Assessments and Payments are

26   entitled to a presumption of correctness so long as they are supported by a minimal factual foundation.

27   <u>See</u> <u>Palmer v. Internal revenue Service</u>, 116 F.3d 1309, 1312 (9th Cir. 1997).

28          <u>Tax Year 1993, Kendell and Patricia Lang</u>

1    On this claim, the Government comes forward with evidence consisting of (1) the Certificate

2 of Assessments and Payments for 1993, (Kim Decl., Exh. 1); (2) the partial abatement of taxes

3 requested by Kendell and Patricia Lang, (Piazza Decl., Exh. 1); and (3) the workpapers detailing the

4 calculation of tax deficiency and assessment.  Id.  This evidence satisfies the Government's initial

5 burden and the burden shifts accordingly to Defendant to create a genuine issue of law or fact.

6    Tax Year 1995, Kendell and Patricia Lang

7    On this claim, the Government comes forward with evidence consisting of (1) the Certificate

8 of Assessments and Payments for 1995, (Kim Decl., Exh. 2); (2) the joint income tax return of the

9 Langs, signed under penalty of perjury, identifying $51,911 in income, (Kim Decl. ¶12, Exh. 9); and

10 (3) the workpapers detailing the calculation of tax deficiency and assessment.  (Piazza Decl. ¶16, Exh.

11 11).   This evidence satisfies the Government's initial burden and the burden shifts accordingly to

12 Defendant to create a genuine issue of law or fact.

13    Tax Years 1999, 2000, 2001, 2002, and 2004, Kendell Lang

14    On this claim, the Government comes forward with evidence consisting of (1) the Certificates

15 of Assessments and Payments for 1999, 2000, 2001, 2002, 2004, (Kim Decl., Exhs. 3-7); (2) a tax

16 assessment made in reliance upon income information reported by third parties, (Piazza Decl. ¶4,

17 Exhs. 2-6); (3) the deposition testimony of Kendell Lang confirming that he received income from

18 third party sources for the tax years at issue, (Kim Decl., Exh. 18); and (4) the workpapers detailing

19 the calculation of tax deficiency and assessment.  (Piazza Decl. ¶¶17-21, Exhs. 12-16).  This evidence

20 satisfies the Government's initial burden and the burden shifts accordingly to Defendant to create a

21 genuine issue of law or fact.

22    Tax Year 2002, Patricia Lang

23    On this claim, the Government comes forward with evidence consisting of (1) the Certificate

24 of Assessments and Payments for 2002, (Kim Decl., Exh. 8); (2) the showing that the tax assessment

25 was made in reliance upon income information reported by third parties, (Piazza Decl. ¶5, Exhs. 8-9);

26 (3) the deposition testimony of Kendell Lang confirming that Patricia Lang received income from

27 third party sources for the 2002 tax year, (Kim Decl., Exh. 18 at 32:8-35-6); and (4) the workpapers

28 detailing the calculation of tax deficiency and assessment.  (Piazza Decl. ¶¶22, 25, Exh. 17).

- 4 -                                                    06cv2648

1    In light of the above evidence, the court concludes that the Government has satisfied its initial

2 evidentiary burden to show that Defendant owes the taxes, penalties, and assessments identified by

3 the IRS.  Accordingly, the burden shifts to Defendant to create a genuine issue of law or fact.

4    In his opposition to the tax assessment counts, Defendant cites several exhibits submitted in

5 support of his motion to dismiss. (Oppo. at p.4).  The court concludes that the exhibits fail to create

6 a genuine issue of law or fact.  The exhibits, (Def's Exhs. 12 - 17, 22, 24, 27, 30 - 34), fail to establish

7 that there is any error or inconsistency in the Certificate of Assessments and Payments.  The exhibits

8 consist of Notices of Default and other documents created by Kendell Lang.  The exhibits fail to

9 undermine the accuracy, reliability, and trustworthiness of the Certificates of Assessments and

10 Payments.  The Response to Tax Lien submitted by Defendant generally indicates that he filed a

11 statement, "instead of a 1040 for the year periods ending Dec 31, 1993, 1995, 2002.  Since the 'Notice

12 of Affidavit Statement' that I filed does not disclose income, no tax liability was incurred for the year

13 period ending Dec 31, 2003, therefore I am not required to provide you a 540 CA Tax Return, because

14 no 1040 was created." (Exh. 16 at 3).  Defendant misconstrues the nature of a "statement."  Every

15 taxpayer is required to "make a return or statement according to the forms and regulations prescribed

16 by the Secretary."  26 U.S.C. §6011.  Because the statements filed by Defendant do not contain any

17 of the information required to calculate the tax owed, and do not represent "an honest and reasonable

18 attempt to satisfy the requirement of the tax law," In re Hatton, 220 F.3d 1057, 1060-61 (9th Cir. 2000),

19 Defendant fails to create a genuine issue of material fact or law.  For example, the statements

20 indicating that Defendant did not identify any income for the tax years at issue fail to take into

21 account, among other things, the Government's reliance on income received by Defendant but not

22 reported to the IRS.  Under these circumstances, the exhibits filed by Defendant to show that he filed

23 "statements" fail to create triable issues of fact or law.  The Government is entitled to summary

24 judgment on these claims.

25    Defendant Lang also argues that the Certificate of Assessments and Payments submitted by

26 the Government are inadmissible hearsay. (Oppo. at p.2).  The court notes that the Certificates are

27 admissible under the hearsay exceptions as business records or public records.  See Rule 803.

28    In sum, the court grants summary judgment in favor of Plaintiff and against Defendants on the

1  tax assessment counts, Counts 1-3.

2  **Foreclosure of Federal Tax Liens**

3       The United States moves to foreclose federal tax liens arising from joint assessments against

4  Kendell and Patricia Lang, and individual assessments against Kendell Lang, on property held

5  nominally by the Cascade Professional Trust ("Trust").  Kendell and Patricia Lang formed the Trust

6  on August 29, 1989 and conveyed to the Trust their personal residence (the "Subject Property"), all

7  personal property, all checking and savings accounts, all IRA accounts and interests in retirement

8  plans, and all life insurance policies.  (Kim Decl., Exh. 19 at 13-167).  As set forth below, the court

9  concludes that (1) valid tax liens encumber the Subject Property and (2) Cascade Professional Trust

10  is a nominee of Kendell Lang.

11       The Liens

12       By operation of law, the United States obtains a lien "upon all property and rights to property,

13  whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice

14  and demand.  26 U.S.C. §6321.  The scope of Section 6321 "is broad and reveals on its face that

15  Congress meant to reach every interest in property that a taxpayer might have." Drye v. Untied States,

16  528 U.S. 49, 56 (1999).  The lien arises as of the date of assessment and continues until the tax

17  liability is extinguished. 26 U.S.C. §6322.  Further, the tax liens are effective against the taxpayer and

18  certain other lienholders without the filing of a notice of lien. See 26 U.S.C. §§6321, 6323(a).

19       Pursuant to §6321, tax liens arose against all property and rights to property of Kendell and

20  Patricia Lang on the respective dates of assessment.  (Kim Decl., Exh. 1-8).  Further, the Government

21  filed  Notice of Federal Tax Liens against Kendell and Patricia Lang for the 1993 and 1995 tax years

22  with the San Diego County Recorder's Office on August 15, 1997, and refiled on July 17, 2006.  (Kim

23  Decl. Exhs. 11, 12).  Further, a nominee lien against Cascade Professional Trust, as nominee of

24  Kendell Lang, was similarly recorded on October 10, 2005 and February 28, 2006.  (Kim Decl., Exhs.

25  13, 14).

26       The Government also establishes that it properly filed notices of federal tax liens.  On June 5,

27  2006, the IRS filed a Notice of Federal Tax Lien with the San Diego County Recorder's Office against

28  Cascade Professional Trust, as a nominee of Kendell Lang, for the tax assessments for tax years 1999,

1   2000, and 2002. (Kim Decl., Exh. 15). On July 17, 2006 the IRS filed an amended nominee lien for

2   tax years 1999, 2000, and 2002, as well as a nominee lien against Cascade Professional Trust as a

3   nominee of Kendell Lang for his tax liabilities arising from the 2001 tax year. (Kim Decl., Exhs. 16,

4   17). In light of this evidentiary record, the Government satisfies its summary judgment burden by

5   showing the validity of the liens. Consequently, the burden shifts to Defendant.

6       Defendant does not directly address this claim but, instead, generally argues that the

7   underlying liens are invalid. However, for the above stated reasons the court concluded that the IRS

8   met its burden of establishing the validity of the tax assessments. Consequently, Defendant fails to

9   establish a triable issue of fact or law.

10      In sum, valid tax liens encumber the property.

11      Cascade Professional Trust is a Nominee of Kendell Lang

12      "Under section 6321, the government may impose a lien on property in the hands of a

13  nominee or alter ego of the taxpayer." United States v. Marsh, 114 F.Supp.2d 1036, 1043 (D. Haw.

14  2000). The following factors are "considered in determine whether property is held by a nominee of

15  the taxpayer []: (1) whether the taxpayer treats the property as if it belongs to him; (2) whether

16  consideration was paid for the property; (3) whether the taxpayer expressed the intent to shelter the

17  asset via the trust mechanisms; (4) whether the taxpayer maintained active or substantial control over

18  the operations and decisions of the property; and (5) whether a family or close relationship exists

19  between the taxpayer and the holding entity/trustees." Id.

20      Here, each of these factors weigh in favor of finding that the Subject Property at issue is held

21  by a nominee of Defendant. The property at issue, Defendant's primary residence, was among the

22  property transferred to the Trust at the time of the Trust's August 29, 1989 creation. (Kim Decl., Exh.

23  19). The Subject Property has been treated as Defendants' own, the Langs have had continuous

24  possession and enjoyment of the Subject Property, paid all mortgage payments, and paid other bills

25  associated with the Subject Property. (Kim Decl., Exh. 18 at 40:22-43:15). The Langs also claimed

26  real estate tax and home mortgage interests from the Subject Property on their 1995 Form 1040 return.

27  (Kim. Decl., Exh. 9). Finally, Kendell Lang testified that the purpose of the Trust was for family

28  financial planning purposes. (Kim Decl., Exh. 18 at 44:1-5). These factors overwhelmingly

06cv2648

1  established that the Subject Property is a nominee of Defendant.  The burden shifts to Defendants to

2  create a genuine issue of material fact or law.

3       In his response, Defendant fails to directly address the nominee issue but generally argues that

4  the underlying liens and assessments are somehow defective.  However, for the above stated reasons

5  the court concluded that the Government met its burden of establishing the validity of the tax

6  assessments.  Consequently, Defendants fail to establish a triable issue of fact or law.  Accompanying

7  this order, the court concurrently enters an order entitled "Order of Foreclosure and Judicial Sale."

8  **Defendants' Motion to Dismiss**

9       Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6).

10  The court denies the motion to dismiss because (1) this court's February 12, 2007 Order Denying

11  Motion to Dismiss Complaint already addressed the Rule 12(b)(1) and 12(b)(2) motions and (2) the

12  present motion for summary judgment moots the issues raised in the motion to dismiss.  The motion

13  to dismiss is denied.

14  **Motion to Strike Cross-Complaint**

15       The court also grants the Government's motion to strike the cross-complaint.  On March 14,

16  2008 Defendant Kendell Lang filed an amended answer to the First Amended Complaint and cross-

17  complaint against the Untied States as part of this action.  The cross-complaint was filed almost seven

18  months after the deadline to file additional pleadings pursuant to the Court's Scheduling Order,

19  (Docket No. 33), and on the last day to complete discovery.  (Docket No. 58).  Moreover, the nine

20  claims alleged by defendant (breach of contract, breach of implied covenant of good faith and fair

21  dealing, intentional infliction of emotional distress, defamation, intentional interference with

22  prospective economic advantage, damages caused by unlawful tax collection actions, civil conspiracy,

23  request for complete refund, and request for dispositive determination) would require substantial

24  additional discovery as the claims take this case in a different direction.  Finally, the court notes that

25  Defendant has not opposed the striking of the cross-complaint.  For these reasons, the court strikes the

26  cross-complaint.

27       In sum, the court grants summary judgment favor of the IRS on all claims and against Kendell

28  Lang, in his individual capacity, as Personal Representative of the Estate of Patricia Lang, and in his

1  capacity as trustee for Cascade Professional Trust.  The court also grants the Government's motion

2  to strike the cross-complaint and denies Kendell Lang's motion to dismiss.  Contemporaneously with

3  the filing of this order, the court also enters an Order of Foreclosure and Judicial Sale of real property

4  located at 2605 Lone Jack Road, Encinitas, California.

5       **IT IS SO ORDERED.**

6  DATED:  July 25, 2008

7

                                                                    Hon. Jeffrey T. Miller
8                                                                    United States District Judge

9

10  cc:          All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28