1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT FOR THE

10            SOUTHERN DISTRICT OF CALIFORNIA

11   UNITED STATES OF AMERICA,

12          Plaintiff,                          Civil No. 06-cv-2648-JM-LSP

13       v.                                     ORDER OF FORECLOSURE AND
                                                JUDICIAL SALE
14   KENDELL LANG; KENDELL LANG, as
     Personal Representative of the ESTATE OF
15   PATRICIA LANG; CASCADE
     PROFESSIONAL TRUST,
16   KENDELL LANG, Trustee; NATIONAL
     PROPERTY TRUST; WHITE MEMORIAL
17   MEDICAL CENTER; STATE OF
     CALIFORNIA, FRANCHISE TAX BOARD,
18

19          Defendants.

20          PURSUANT to the Order Granting the United States' Motion for Summary Judgment, filed

21   herewith, and 28 U.S.C. §§ 2001 & 2002, and 26 U.S.C. §§ 7402 & 7403, it is FURTHER ORDERED as

22   follows:

23          1.      Execution of this Order of Foreclosure and Judicial Sale shall be delayed for ten days

24   from the date of entry.  Should Defendants Kendell Lang, the Estate of Patricia Lang, or the Cascade

25   Professional Trust file a timely notice of appeal of this Order of Foreclosure, execution of this Order of

26   Foreclosure shall be stayed pending the resolution of the appeal.  However, once this Order of

27

28

Foreclosure is executed, it shall act as a special writ of execution and no further orders or process from the Court shall be required.

2.    Defendants Kendell Lang and the Estate of Patricia Lang are indebted to Plaintiff, the United States of America ("United States") for unpaid assessed balances of federal income taxes for the 1993 and 1995 tax years, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  On July 25, 2008, the Court entered judgment in favor of the United States and against Kendell Lang and the Estate of Patricia Lang for federal income tax liabilities arising from the 1993 and 1995 tax years, plus interest and penalties, calculated through April 30, 2008, in the amount of **$296,107.92**, and such additional statutory additions, including interest, that continues to accrue until paid in full.

3.    Defendant Kendell Lang is indebted to the United States for unpaid assessed balances of federal income taxes for the 1999, 2000, 2001, 2002, and 2004 tax years, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  On July 25, 2008, the Court entered judgment in favor of the United States and against Kendell Lang for federal income tax liabilities arising from the 1999, 2000, 2001, 2002, and 2004 tax years, plus interest and penalties, calculated through April 30, 2008, in the amount of **$102,476.89**, and such additional statutory additions, including interest, that continues to accrue until paid in full.

4.    The Estate of Patricia Lang is indebted to the United States for unpaid assessed balances of penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654 for the 2002 tax years plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid.  On July 25, 2008, the Court entered judgment in favor of the United States and against the Estate of Patricia Lang for federal income tax liabilities arising from the 2002 tax year, plus interest and penalties, calculated through April 30, 2008, in the amount of **$39,227.66**, and such additional statutory additions, including interest, that continues to accrue until paid in full.

///

///

5.     The property upon which foreclosure is residential real property located at 2605 Lone Jack Road, Encinitas, California ("the Subject Property"), and legally described as follows:

PARCEL 1 OF PARCEL MAP NO. 14474 IN THE CITY OF INCOGNITAS, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, SEPTEMBER 19, 1886, AS FILE NO. 86-415214 OF OFFICIAL RECORDS.

Defendant Cascade Professional Trust acquired title to this Subject Property by individual grant deed filed with the San Diego County Recorder's Office on December 3, 1993.  In the Order filed herewith, the Court entered judgment in favor of the United States finding that Cascade Professional Trust holds the above-described Subject Property as a nominee of Kendell Lang.

6.     On March 3, 1997, and November 21, 2005, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang and Patricia Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 1993.

7.     On December 9, 1996, and November 21, 2005, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang and Patricia Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 1995.

8.     On March 27, 2006, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 1999, and December 31, 2000.

9.     On May 15, 2006, and July 3, 2006, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 2001.

10.     On March 27, 2006, and May 15, 2006, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 2002.

11.     On October 30, 2006, a duly authorized delegate of the Secretary of the Treasury, made assessments against Kendell Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 2004.

12.     On April 3, 2006, and May 22, 2006, a duly authorized delegate of the Secretary of the Treasury, made assessments against Patricia Lang for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax period ending December 31, 2002.

13.     The United States has valid and subsisting tax liens on all property and rights to property of Defendants Kendell Lang and the Estate of Patricia Lang, including the Subject Property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

14.     Section 7403 of Title 26, United States Code entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendants Kendell Lang and the Estate of Patricia Lang.

15.     The United States' liens against the Subject Property are hereby foreclosed.

16.     The United States Marshal for the Southern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 & 2002 to offer for public sale and to sell the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

17.     The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining locksmiths or other persons to change or install locks or other security devices on any part of the Subject Property, until the Subject Property are delivered to the ultimate purchasers.

18.     The terms and conditions of the sale of the Subject Property are as follows:

       a.     The sale of the Subject Property shall be free and clear of the interests of all parties to this lawsuit;

       b.     The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any;

c. The sale of the Subject Property shall be held at the courthouse of the county or city in which the Subject Property is located, on the premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. The date and time for the sale of the Subject Property is to be announced by the United States Marshal, his/her representative, or a PALS;

e. Notice of the sale of the Subject Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the Subject Property is located, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Subject Property for sale and shall contain the terms and conditions of sale in this order of sale;

f. The minimum bid will be set by the Internal Revenue Service.  If minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to second highest bidder;

g. The successful bidder shall be required to deposit at the time of the sale with the Marshal, his/her representative, or a PALS, a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Southern District of California.

h. Before being permitted to bid at the sale of the Subject Property, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement.  No bids will be received from any persons who have not presented proof that, if they are the successful bidders, they can make the deposit required by this Order;

i. The balance of the purchase price for the Subject Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Southern District of California. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be distributed in accordance with numbered paragraph 21, below.  The Subject Property shall be again offered for sale under the terms and conditions of this Order;

j. The sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of the sale and a proposed deed, within 20 days from the date of receipt of the balance of the purchase price for the Subject Property;

k. On confirmation of the sale of the Subject Property, the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property sold to the purchaser;

l. On confirmation of the sale of the Subject Property, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any party to this action are discharged and extinguished;

m. The sale of the Subject Property is ordered pursuant to 28 U.S.C. § 2001, and is made without rights of redemption.

19. Until the Subject Property is sold, Defendant Kendell Lang shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property.  He shall neither commit waste against the Subject Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to

reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

20.    All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

21.    The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

a.    To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

b.    Then  to all taxes unpaid and matured that are owed to (county, borough or school district) for real property taxes on the Subject Property;

///

///

///

///

1        c.      Any balance remaining after the above payments shall be held by the Clerk until

2                further order of the Court.

3        IT IS SO ORDERED.

4   DATED:  July 25, 2008

5                                                    _____

6                                                    Hon. Jeffrey T. Miller
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    US Memorandum re: Motion for Summary Judgment      - 8 -              Civil No. 06-cv-2648-JM-LSP