# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>vs.<br><br>KENDELL LANG; KENDELL LANG, as Personal Representative of the ESTATE OF PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL LANG, Trustee; WHITE MEMORIAL MEDICAL CENTER; STATE OF CALIFORNIA, FRANCHISE TAX BOARD,<br><br>                           Defendants. | CASE NO. 06cv2648 JM(LSP)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION TO STAY ORDER OF FORECLOSURE PENDING APPEAL |

    Defendant Kendall Lang, in his individual capacity, as Personal Representative of Patricia Lang, and as trustee of the Cascade Professional Trust, moves (1) for reconsideration of this court's July 25, 2008 Order Granting Plaintiff's Motion for Summary Judgment )"Order") and (2) to stay the July 25, 2008 Order of Foreclosure pending appeal.  For the reasons set forth below, both motions are denied.

**Motion for Reconsideration**

    "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration."  School Dist. N.

1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Defendant essentially contends that the court erred in striking his cross-complaint because liberal pleading policies applicable to individuals prosecuting cases in propria persona permitted him to file the cross-complaint at issue seven months after expiration of the deadline for filing such motions.  The Order dismissed the cross-complaint as untimely, prejudicial (because the cross-claims took the case in a different direction from the tax claims), and unopposed.  (Order at 18:14-26).  The court denies the motion for reconsideration because Defendant fails to identify any newly discovered evidence, clear error, or intervening change in controlling law.

In sum, the motion for reconsideration is denied.

**The Motion to Stay Order of Foreclosure**

In seeking to stay a judgment pending appeal, the "party must ordinarily move first in the district court" before seeking relief from the appellate court. Fed.R.App.P. 8. Whether to grant a stay pending appeal, the court consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Stormans Inc. v. Selecky, 526 F.3d 406, 412 (9th Cir. 2008 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The likelihood of success and the irreparable injury factors are considered on "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Where the stay applicant demonstrates a strong likelihood of success, the possibility of irreparable injury is sufficient to warrant a stay.  On the other end of the sliding scale, where the stay applicant demonstrates that the balance of hardships tips sharply in its favor, the applicant must show only that it raises serious legal questions. The public interest factor is considered "separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." Id. (Citations omitted).

Here, the court denies the motion for a stay for several reasons.  First, Defendant

has not filed a Notice of Appeal as required by Fed.R.App. P. 3 and 4.  Second, while identifying substantial irreparable harm if his home is sold, Defendant has not set forth any analysis in support of the likelihood of success on the merits element.  Absent some showing of the likelihood of success on the merits, a stay is not appropriate.  See Stormans, 526 F.3d at 412.

In sum, the court denies Defendant's motions for reconsideration and to stay the order of foreclosure.

**IT IS SO ORDERED.**

DATED:  September 2, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:      All parties