# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 06cv2648 JM(LSP) |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| vs. | |
| KENDELL LANG; KENDELL LANG, as Personal Representative of the ESTATE OF PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL LANG, Trustee; WHITE MEMORIAL MEDICAL CENTER; STATE OF CALIFORNIA, FRANCHISE TAX BOARD, | |
| Defendants. | |

Defendant Kendall Lang, in his individual capacity, as Personal Representative of Patricia Lang, and as trustee of the Cascade Professional Trust, moves the court <u>ex parte</u> to set a minimum bid of $1,150,000, instead of $800,000, for the public auction sale of real property located at 2605 Lone Jack Road. The Internal Revenue Service has scheduled the auction sale for September 29, 2009.

In order to grant the relief requested, a party must satisfy one of two tests: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship tips in its favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Id</u>. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits"

and a "significant threat of irreparable injury." Id.

The court denies Defendant's motion for two reasons. First, Fed.R.Civ.P. 65(b) provides that a temporary restraining order ("TRO") may be granted without notice only if (1) the movant demonstrates that he or she will suffer immediate and irreparable injury before the adverse party can be heard in opposition, and (2) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Defendant fails to establish that he gave notice to Plaintiff, or any other interested party, and fails to describe the efforts taken to provide notice to Plaintiff.[1] The stringent requirements of Rule 65(b) recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974). Accordingly, Defendant fails to establish that Rule 65(b) relief is appropriate under the circumstances.

Second, Defendant fails to make the requisite showing of likelihood of success on the merits and irreparable harm. On the merits, Defendant declares his belief that potential buyers presented an offer in the amount of $1,150,000 and therefore this court should set this amount as the minimum opening bid. (Land Decl. ¶3). There is no admissible evidence that such an offer was ever made or that the offer contained contingencies. Moreover, there is no evidence that the $1,150,000 amount reflects the market value of the property. Defendant also fails to establish irreparable harm - the fact that the property will be sold at a reserve auction, does not establish that the reserve price is the equivalent of the ultimate sale price of the property.

In sum, the motion for a TRO is denied.

**IT IS SO ORDERED.**

DATED: September 29, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[1] The court also notes that the auction sale has been scheduled for several weeks (or months) yet Defendant waited until the day before the sale to request relief.