# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>KENDELL LANG; KENDELL LANG, as Personal Representative of the ESTATE OF PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL LANG, Trustee; WHITE MEMORIAL MEDICAL CENTER; STATE OF CALIFORNIA, FRANCHISE TAX BOARD,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv2648 JM(LSP)<br><br>ORDER GRANTING MOTION TO REOPEN DISCOVERY; SCHEDULING ORDER |

Plaintiff United States of America moves to reopen discovery re: the validity of a secured interest of National Property Trust ("NPT") in the Foreclosed Property. On December 4, 2006, the IRS commenced this action by filing a "Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens." On July 25, 2008 this court entered an Order for Foreclosure and Judicial Sale. (Docket No. 77). Pursuant to the Foreclosure Order, on November 4, 2009 the property sold at a foreclosure sale and the Court's registry retains $780,599.73 in proceeds from the sale.

During the period of discovery, the United States discovered that NPT held a trust deed, dated December 14, 1994, on the Foreclosed Property. It also learned that NPT was a defunct Washington, D.C. corporation that was inactive when this action was commenced; NPT was owned and operated

by Mr. Cotto; the sole asset of NPT was the deed of trust on the Foreclosed Property; Mr. Cotto did not possess a promissory note; Mr. Cotto received no payments on the promissory note; and Mr. Cotto had never made any attempt to collect on the note or to foreclose on the property.

After the close of discovery, the United States learned of a witness who casts doubt on the validity of NPT's trust deed. The United States received a telephone call from an attorney who represented a third party witness. The attorney did not reveal the client's identity but represented that the NPT deed of trust was fraudulent. According to the witness, no money was exchanged for the deed of trust and that the purpose of the deed of trust was to defraud and protect against future creditors. According to the attorney, the client possessed a copy of the promissory note, the deed of trust, and a deed of reconveyance. The attorney represented that he believed his client would agree to provide the documents to the Untied States. When counsel for the United States contacted the counsel again, the attorney informed the United States that he no longer represented the client. Based upon these recent developments, the Untied States seeks to reopen discovery because the validity of the trust deed is indispensable in determining priorities to the funds held in the Court's registry.

For good cause shown, the court grants the motion to reopen discovery for a period of 90 days. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). The Government has demonstrated reasonable grounds to believe that the NPT trust deed may be the product of fraud and therefore not entitled to any priority with respect to the funds held in the Court's registry. As noted by NPT, there is no admissible evidence to support the Government's argument. However, that is not fatal to the Government's motion to reopen. Upon conducting the depositions of Mr. Cotto and Mr. Lang, such admissible evidence will be available to all interested parties.

**IT IS SO ORDERED.**

DATED: May 10, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:　　　All parties