1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              CASE NO. 06cv2648 JM(LSP)

12                            Plaintiff,     ORDER DENYING MOTION FOR
             vs.                             PAYMENT OF HOMESTEAD
13                                           CLAIM
     KENDELL LANG; KENDELL LANG, as
14   Personal Representative of the ESTATE OF
     PATRICIA LANG; CASCADE
15   PROFESSIONAL TRUST, KENDELL
     LANG, Trustee; WHITE MEMORIAL
16   MEDICAL CENTER; STATE OF
     CALIFORNIA, FRANCHISE TAX BOARD,
17
                             Defendants.
18

19          Kendell Robert Lang, individually, and as the personal representative for the Estate of Patricia

20   Lang and as trustee for Cascade Professional Trust, moves for payment of a Homestead Exemption

21   Claim from the proceeds of the sale of the foreclosed property.  Plaintiff argues that Defendant's claim

22   for a homestead exemption is untimely.  Pursuant to Local Rule 7.1(d)(1), the court finds this matter

23   appropriate for decision.  For the reasons set forth below, the court denies the motion for payment of

24   a homestead claim.

25                              **BACKGROUND**

26          On December 4, 2006, the IRS commenced this action by filing a "Complaint to Reduce

27   Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens."  The FAC, filed on

28   August 15, 2007, names as Defendants: Kendell Lang; the Estate of Patricia Lang, Kendell Lang, as

1   personal representative of the estate; and Cascade Professional Trust, Kendell Lang as trustee of the

2   Trust.  (FAC ¶¶5-7).  Named in the FAC are three other parties who have yet to appear in this action.[1]

3        The first three claims for relief seek to reduce certain tax assessments to judgment against

4   Kendell Lang, in his personal capacity and as personal representative of the estate of Patricia Lang,

5   for tax years 1993 and 1995, the first cause of action, in the total amount of $270,789.69, (FAC ¶15);

6   for tax years 1999, 2000, 2001, 2002 and 2004, the second cause of action, in the total amount of

7   $93,714.80,  (FAC ¶18); and for tax year 2002, the third cause of action, in the total amount of

8   $35,872.87.  (FAC ¶21).  The fourth cause of action seeks an order (1) finding that the Cascade

9   Professional Trust holds title to the real property at issue, located at 2605 Lone Jack Road, Encinitas,

10  California (the Subject Property"), as the nominee of Kendell Lang; (2) foreclosing the federal tax

11  liens encumbering the Subject Property held by the Cascade Professional Trust; and (3) allowing for

12  a sale of the Subject Property to satisfy the federal tax liens and other creditors' liens.  The Subject

13  Property is alleged to be the principal residence of Kendell Lang.  (FAC ¶26).

14       On February 23, 2007 the court denied Defendants' motion to dismiss.  Following the death

15  of Kendell Lang's spouse, on April 26, 2007 the court granted the parties' joint motion to substitute

16  Kendell Lang as the Personal Representative of Patricia Lang.  On July 25, 2008 the court granted

17  summary judgment in favor of Plaintiff and against Defendants.  Contemporaneously, the court

18  granted Plaintiff's motion for an order of foreclosure and judicial sale of the property.  (Ct. Dkt. 78).

19  On August 6, 2009, the court entered an amended order of foreclosure and judicial sale correcting the

20  legal description of the property.  On December 9, 2009, the court granted Plaintiff's motion to

21  confirm the sale of the property in the amount of $790,000.  (Ct. Dkt. 95).

22       On May 10, 2010, the court granted Plaintiff's motion to reopen discovery regarding the

23  validity of a deed of trust in the name of National Property Trust. (Ct. Dkt. 102).  The parties continue

24  to pursue discovery related to National Property Trust.  Defendant Lang has invoked the Fifth

25  Amendment in response to questions posed to him concerning National Property Trust.  Plaintiff has

26  filed a motion for sanctions and costs on account of Defendant Lang's alleged failure to respond to

27

28      [1] The other three defendants are National Property Trust, White Memorial Medical Center, and the State of California, Franchise Tax Board.

1  questions concerning National Property Trust.  The motion for sanctions is pending before Magistrate

2  Judge Battaglia.

3                                      **DISCUSSION**

4          California provides two statutory homestead exemptions.  One is established by recording a

5  "declaration of homestead," Cal. Code Civ. Pro. §§704.910-704.995,[2] and the other is a statutory

6  exemption.  §§704.710-704.850.  Defendant Lang acknowledges that he cannot locate a recorded

7  declaration of homestead but "asserts a statutory homestead exemption as a minimum.  (Motion at

8  p.4:10).

9          The threshold issue before the court concerns the timeliness of Defendant's claim to a

10  homestead exemption.  Section 487.030(a) provides that a claim for a homestead exemption must be

11  made prior to entry of judgment.  Here, final judgment and entry of an order of foreclosure and

12  judicial sale occurred, at the latest, on August 6, 2008.  To that end, the order provides:

13          On confirmation of the sale of the subject property, all interest in, liens against, or
            claims to, the Subject Property that are held or asserted by any party to this action are
14          discharged and extinguished.

15  (Ct. Dkt. 81 at p.7:13-15).  Defendant's failure to timely file a homestead exemption claim bars this

16  exemption.[3]

17          In sum, the court denies the motion for payment of a homestead claim.

18          **IT IS SO ORDERED.**

19  DATED:  January 3, 2011

20                                      _____

21                                      Hon. Jeffrey T. Miller
                                        United States District Judge

22

23  cc:          All parties

24

25

26          [2] Unless otherwise noted, all statutory references are to the California Code of Civil Procedure.

27

28          [3] Even if Plaintiff's homestead claim were timely, the court notes that Defendant fails to
    establish that there is any equity in the property above and beyond the federal tax lien and the note
    held by National Property Trust.