# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>KENDELL LANG; PATRICIA LANG; CASCADE PROFESSIONAL TRUST, KENDELL LANG, TRUSTEE; WASHINGTON MUTUAL BANK; NATIONAL PROPERTY TRUST; TAYLOR & ASSOCIATES; WHITE MEMORIAL MEDICAL CENTER; STATE OF CALIFORNIA, FRANCHISE TAX BOARD,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 06cv2648 JM(WVG)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Following an evidentiary hearing, on November 7, 2011 Magistrate Judge Gallo issued a Report and Recommendation recommending "the finding that the USA did not meet its burden to show that Kendell Lang and NPT devised a scheme to shield the [property at issue] from future creditors" and therefore National Property Trust's ("NPT") Deed of Trust is valid and senior to all lien claimants. ("R & R"). Plaintiff the United States of America ("USA") objects to the R & R as does Defendant Kendell Lang ("Lang"). Claimant NPT filed a response to the objections of the USA. Having carefully considered the court record, the transcript of the evidentiary hearing, the exhibits presented at the time of the evidentiary hearing, and appropriate legal authorities, the court adopts the

R & R in its entirety and denies all Objections.[1]

**Legal Standards**

Pursuant to 28 U.S.C. §636(b)(1),

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. §636(b)(1).

The term "de novo determination" has two different connotations. First, the district court may not reject a magistrate's factual findings or credibility determinations without first conducting an evidentiary hearing to assess the findings and credibility determinations of the Magistrate Judge. United States v. Ridgeway, 300 F.3d 1153, 1156-57 (9th Cir. 2002). A de novo review in this context requires the district court to conduct an evidentiary hearing to assess the credibility of the witnesses. Second, the district court may review the entire court record, including the transcript of the evidentiary hearing and pertinent exhibits, and accept the magistrate judge's findings and credibility determinations. See Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998); United States v. Powell, 628 F.3d 1254, 1256-57 (11th Cir. 2010). A de novo review under 28 U.S.C. §636(b)(1) in this later context does not require the district court to conduct an evidentiary hearing. Id.

**The Legal Issue**

The parties do not dispute that California's Uniform Fraudulent Transfer Act would invalidate NPT's Note and Deed of Trust if the Lien Claimants, as identified in the R & R, establish that the underlying Note and Deed of Trust were structured in such a manner to assist Lang to avoid his obligations to creditors. Cal. Civ. Code §3439.04(a). The Lien Claimants have the burden to show by a preponderance of the evidence that the Note and Deed of Trust were created with the actual intent to shield Lang's assets from future creditors. See Annod Corp. v. Hamilton & Samuels, 123 Cal.Rptr. 2d 924, 928 (2002).

**The Objections**

The R & R thoroughly discusses the factually complex background of this case, including

---

[1] The court adopts the R & R in its entirety as if fully set forth herein.

Lang's contradictory deposition testimony, and identifies two different and irreconcilable versions of the underlying facts. The court adopts the R & R in its entirety, finding that USA and Lang failed to show by a preponderance of the evidence that the Note is invalid under Cal. Civ. Code §3439.04(a). Rather than repeat the analysis of the evidentiary record, the court limits its analysis to the Objections of USA and Lang.

<u>Objections of USA</u>

In essence, USA contends that the R & R should have weighed the evidence differently to reach a contrary result. It contends that the following evidence establishes the invalidity of the Note: there is no evidence showing how Cotto obtained the money to loan to Lang (Cotto, however, testified that the money came from cash- on-hand from another entity he controlled, RETA); Lang set the terms of the Note; Cotto transferred the money before the parties had executed an agreement; the Deed of Trust was not recorded until a year after executing the Note; Cotto testified that he was not concerned that he had not received any loan payments for 20 years; the Note produced by Cotto is slightly different from the Note produced by Lang; Lang did not know how much money he made in 1992, 1993, or 1994; Lang had no motive to lie about the fraudulent transaction; Lang's second deposition and trial testimony was more credible than the first deposition testimony because he was subject to perjury; and Lang and Cotto were both engaged in unscrupulous behavior.

The difficulty with USA's evidentiary showing is that it ignores, as discussed in the R & R, all the evidence that supports the validity of the Note. Upon review of the transcript of the evidentiary hearing, and the entirety of the evidentiary record, the court adopts the credibility determinations as set forth in the R & R and rejects the Objections of USA. Not only did Lang provide contradictory testimony while under oath, but, as set forth in the R & R, he took several actions to pressure Cotto into releasing the NPT lien. Those actions involve the filing of a forged deed on Cotto's property by an individual associated with Lang. (R` & R pp. 12:21 - 20:6). Lang's testimony is simply not credible. While the evidentiary record raises the specter of a certain amount of gamesmanship between Cotto and Lang concerning the underlying loan transaction, that evidence is simply insufficient to establish, by preponderance of the evidence, that the transaction was structured in such a manner to assist Lang to avoid his obligations to creditors within the meaning of Cal. Civ. Code

§3439.04(a).

Objections of Lang

The thrust of Lang's Objection is that Ms. Kari D. Larsen, Esq. appeared before this court at a time when she held "inactive" status with the Minnesota State Bar. Ms. Larsen explains that she erroneously believed that she could continue to practice law outside the State of Minnesota with an "inactive" status. Once the oversight was discovered, Ms. Larsen sought and obtained "active" status from the Minnesota State Bar on February 25, 2011. As this Objection does not in any manner invalidate the R & R, the Objection is denied. Federal law permits Justice Department attorneys to appear in all federal and state courts, regardless of whether they are members of the bars of those courts or not. See 28 U.S.C. §§515-517.

In sum, the court adopts the R & R in its entirety, finding that NPT's Note and Deed of Trust are valid, enforceable instruments establishing the seniority of its security interest to the proceeds from the sale of the Lone Jack Road property.

**IT IS SO ORDERED.**

DATED: February 28, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties