1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    CASE NO. 06cv2648 JM(WVG)

12                                  Plaintiff,   ORDER ADOPTING REPORT AND
                 vs.                            RECOMMENDATION
13
    KENDELL LANG; PATRICIA LANG;
14  CASCADE PROFESSIONAL TRUST,
    KENDELL LANG, TRUSTEE;
15  WASHINGTON MUTUAL BANK;
    NATIONAL PROPERTY TRUST;
16  TAYLOR & ASSOCIATES; WHITE
    MEMORIAL MEDICAL CENTER; STATE
17  OF CALIFORNIA, FRANCHISE TAX
    BOARD,
18
                                  Defendants.
19

20

21          Following an evidentiary hearing, on November 7, 2011 Magistrate Judge Gallo issued a

22  Report and Recommendation recommending "the finding that the USA did not meet its burden to

23  show that Kendell Lang and NPT devised a scheme to shield the [property at issue] from future

24  creditors" and therefore National Property Trust's ("NPT") Deed of Trust is valid and senior to all lien

25  claimants. ("R & R").  Plaintiff the United States of America ("USA") objects to the R & R as does

26  Defendant Kendell Lang ("Lang").  Claimant NPT filed a response to the objections of the USA.

27  Having carefully considered the court record, the transcript of the evidentiary hearing, the exhibits

28  presented at the time of the evidentiary hearing, and appropriate legal authorities, the court adopts the

1    R & R in its entirety and denies all Objections.[1]

2    **Legal Standards**

3           Pursuant to 28 U.S.C. §636(b)(1),

4           A judge of the court shall make a de novo determination of those portions of the report
             or specified proposed findings or recommendations to which objection is made.  A
5           judge of the court may accept, reject or modify, in whole or in part, the findings or
             recommendations made by the magistrate judge.  The judge may also receive further
6           evidence or recommit the matter to the magistrate judge with instructions.

7    28 U.S.C. §636(b)(1).

8           The term "de novo determination" has two different connotations.  First, the district court may

9    not reject a magistrate's factual findings or credibility determinations without first conducting an

10   evidentiary hearing to assess the findings and credibility determinations of the Magistrate Judge.

11   United States v. Ridgeway, 300 F.3d 1153, 1156-57 (9th Cir. 2002).  A de novo review in this context

12   requires the district court to conduct an evidentiary hearing to assess the credibility of the witnesses.

13   Second, the district court may review the entire court record, including the transcript of the evidentiary

14   hearing and pertinent exhibits, and accept the magistrate judge's findings and credibility

15   determinations.  See Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998); United States v.

16   Powell, 628 F.3d 1254, 1256-57 (11th Cir. 2010).  A de novo review under 28 U.S.C. §636(b)(1) in

17   this later context does not require the district court to conduct an evidentiary hearing.  Id.

18   **The Legal Issue**

19          The parties do not dispute that California's Uniform Fraudulent Transfer Act would invalidate

20   NPT's Note and Deed of Trust if the Lien Claimants, as identified in the R & R, establish that the

21   underlying Note and Deed of Trust were structured in such a manner to assist Lang to avoid his

22   obligations to creditors.  Cal. Civ. Code §3439.04(a).  The Lien Claimants have the burden to show

23   by a preponderance of the evidence that the Note and Deed of Trust were created with the actual intent

24   to shield Lang's assets from future creditors.  See Annod Corp. v. Hamilton & Samuels, 123 Cal.Rptr.

25   2d 924, 928 (2002).

26   **The Objections**

27          The R & R thoroughly discusses the factually complex background of this case, including

28
     ───────────────────
            [1] The court adopts the R & R in its entirety as if fully set forth herein.

                                        - 2 -                                    06cv2648

1   Lang's contradictory deposition testimony, and identifies two different and irreconcilable versions of

2   the underlying facts.  The court adopts the R & R in its entirety, finding that USA and Lang failed to

3   show by a preponderance of the evidence that the Note is invalid under Cal. Civ. Code §3439.04(a).

4   Rather than repeat the analysis of the evidentiary record, the court limits its analysis to the Objections

5   of USA and Lang.

6              <u>Objections of USA</u>

7              In essence, USA contends that the R & R should have weighed the evidence differently to

8   reach a contrary result.  It contends that the following evidence establishes the invalidity of the Note:

9   there is no evidence showing how Cotto obtained the money to loan to Lang (Cotto, however, testified

10  that the money came from cash- on-hand from another entity he controlled, RETA); Lang set the terms

11  of the Note; Cotto transferred the money before the parties had executed an agreement; the Deed of

12  Trust was not recorded until a year after executing the Note; Cotto testified that he was not concerned

13  that he had not received any loan payments for 20 years; the Note produced by Cotto is slightly

14  different from the Note produced by Lang; Lang did not know how much money he made in 1992,

15  1993, or 1994; Lang had no motive to lie about the fraudulent transaction; Lang's second deposition

16  and trial testimony was more credible than the first deposition testimony because he was subject to

17  perjury; and Lang and Cotto were both engaged in unscrupulous behavior.

18             The difficulty with USA's evidentiary showing is that it ignores, as discussed in the R & R,

19  all the evidence that supports the validity of the Note.  Upon review of the transcript of the evidentiary

20  hearing, and the entirety of the evidentiary record, the court adopts the credibility determinations as

21  set forth in the R & R and rejects the Objections of USA.  Not only did Lang provide contradictory

22  testimony while under oath, but, as set forth in the R & R, he took several actions to pressure Cotto

23  into releasing the NPT lien.  Those actions involve the filing of a forged deed on Cotto's property by

24  an individual associated with Lang.  (R` & R pp. 12:21 - 20:6).  Lang's testimony is simply not

25  credible.   While the evidentiary record raises the specter of a certain amount of gamesmanship

26  between Cotto and Lang concerning the underlying loan transaction, that evidence is simply

27  insufficient to establish, by preponderance of the evidence, that the transaction was structured in such

28  a manner to assist Lang to avoid his obligations to creditors within the meaning of Cal. Civ. Code

1  §3439.04(a).

2        <u>Objections of Lang</u>

3        The thrust of Lang's Objection is that Ms. Kari D. Larsen, Esq. appeared before this court at

4  a time when she held "inactive" status with the Minnesota State Bar.  Ms. Larsen explains that she

5  erroneously believed that she could continue to practice law outside the State of Minnesota with an

6  "inactive" status.  Once the oversight was discovered, Ms. Larsen sought and obtained "active" status

7  from the Minnesota State Bar on February 25, 2011.  As this Objection does not in any manner

8  invalidate the R & R, the Objection is denied.  Federal law permits Justice Department attorneys to

9  appear in all federal and state courts, regardless of whether they are members of the bars of those

10  courts or not.  <u>See</u> 28 U.S.C. §§515-517.

11        In sum, the court adopts the R & R in its entirety, finding that NPT's Note and Deed of Trust

12  are valid, enforceable instruments establishing the seniority of its security interest to the proceeds from

13  the sale of the Lone Jack Road property.

14        **IT IS SO ORDERED.**

15  DATED:  February 28, 2012

16                                          _____

17                                          Hon. Jeffrey T. Miller
                                            United States District Judge

18  cc:          All parties